CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 2 8 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MELINDA WEBB, | ) | |
| | ) | Civil Action No. 7:05CV00409 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| MEDICAL FACILITIES OF AMERICA, | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

This case is before the court on the defendant's motion to dismiss the amended complaint. After hearing oral argument on the motion and reviewing the parties' briefs, the court will now grant the motion to dismiss.

### Factual and Procedural Background

Medical Facilities of America ("MFA") terminated Melinda Webb from her employment as a LPN charge nurse following her June 7, 2004 knee surgery. Webb brought this action after filing a charge of discrimination with the United States Equal Employment Opportunity Commission and exhausting all available administrative procedures. After an October 28, 2005 hearing in chambers on a previous motion to dismiss, the court permitted the plaintiff to file an amended complaint.

In her amended complaint, the plaintiff alleges that the defendant deprived her of rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., by terminating her employment after she had knee surgery and gave the defendant a note from her physician, indicating that she could return to work with certain restrictions. In particular, she was not to push or pull more than 15 pounds, carry or lift more than 25 pounds, or crawl, stoop, or climb. This note was available to the defendant at the time it made its employment decision as to Webb.

The defendant has filed motions to dismiss against the plaintiff under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]

## Discussion

A complaint will be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) only when the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1992). In considering a motion to dismiss, the court accepts all well-pleaded allegations as true. The court also views the complaint in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411 (1969).

In order to prove a wrongful discharge case under the ADA, a plaintiff must allege that "(1) he is within the ADA's protected class; (2) he was discharged; (3) at the time of his discharge, he was performing the job at a level that met his employer's legitimate expectations; and (4) his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." Haulbrook v. Michelin N. Am., 252 F.3d 696, 702 (4th Cir. 2001); Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, 53 F.3d 55, 58 (4th Cir. 1995). With respect to the second and third criteria, the plaintiff has sufficiently pled facts to show that she was discharged and which fairly allow an inference that she had been functioning at a satisfactory level at the time she left for her knee operation. Webb asserts that she meets the first criterion because she was regarded by MFA as disabled. See 42 U.S.C. § 12102(2)(C). The court does not agree.

---

[1] Only the motion under Rule 12(b)(6) is considered here, because it is dispositive of the case. The motion under Rule 12(b)(1) was not fully briefed or argued because it would have required the defendant to submit matters outside the complaint.

2

Although the court recognizes that the "requirements of notice pleading are not onerous," and that "a complaint in an employment discrimination lawsuit need not allege specific facts establishing a prima facie case of discrimination," the amended complaint does not satisfy the plaintiff's burden to alleged facts sufficient to state all of the elements of her claim. Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 764-65 (4th Cir. 2003); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510-11 (2002). The plaintiff has not sufficiently pled facts to suggest that the defendant regarded her as disabled and terminated her as a result of its misperception of her limitations. Webb notes that MFA approved leave for her right medial unicompartmental knee arthroplasty, and therefore MFA knew that she was having the surgery. As the Fourth Circuit reiterated in Haulbrook, "[t]he fact that an employer is aware of an employee's impairment, without more, is 'insufficient to demonstrate either that the employer regarded the employee as disabled or that perception caused the adverse employment action.'" Id. at 703 (citing Kelly v. Drexel Univ., 94 F.3d 102, 109 (3d. Cir. 1996)).

The plaintiff has not pled any facts to show that MFA improperly relied upon her perceived impairments in its decision to terminate her. To the contrary, Webb avers that MFA, through its representatives, responded to her statement that she could return to work by saying, "we know you can but still the [doctor's] note has to say no restrictions." Amended Complaint, at 3, para. 11. This statement demonstrates the precise opposite of what Webb must prove to win her case. Without some allegation that the defendant mistakenly believed that she had a physical impairment that substantially limited one or more major life activities, or mistakenly believed that her actual, non-limiting impairment substantially limited one or more of her major life activities, the plaintiff is unable to state a claim for relief. See Sutton v. United Air Lines, Inc., 527 U.S. 471, 489 (1999) (noting that "[i]n both cases, it is necessary that a covered entity

3

entertain misperceptions about the individual"). Moreover, under the logic of Runnebaum v. NationsBank, 123 F.3d 156 (4th Cir. 1997), where an employee does not hold herself out as having an impairment that substantially limits a major life activity, and the record does not contain evidence to show that the employer regarded or perceived her as having such an impairment, the plaintiff has failed to state a claim that she was regarded as having a disability. Id. at 174.

Apart from her allegation that the blanket refusal to allow her to return to work "was a determination that Plaintiff was substantially limited in her ability to work as an LPN," the plaintiff does not indicate in any way that the defendant entertained a misconception of her ability to perform major life activities, or that such an incorrect belief influenced the defendant's decision to terminate her. Amended Complaint, at 4, para. 19.[2] This allegation is insufficient because it suggests that the defendants regarded her as limited only in her abilities to work as an LPN charge nurse. The amended complaint is silent as to whether the defendants regarded her as substantially limited in a major life activity. In fact, "one is not substantially limited in the major life activity of working unless one is barred from generally obtaining employment of a given type, as opposed to being barred from a specific job." 29 C.F.R. § 1630.2(j)(3)(I) ("The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working."); see, e.g., Haulbrook, 252 F.3d at 703-04. Therefore, she has not met her burden of pleading.

---

[2]In contrast to the situation here, the plaintiff in EEOC v. Browning Ferris, Inc., 225 F.3d 653 (4th Cir. 2000) (unpublished), alleged that "Defendant placed Ms. Brown on leave without pay and soon thereafter discharged her, based on its perception that her Crohn's Disease prevented her from working around waste." Id. at *2. The Fourth Circuit determined that this allegation satisfied the pleading requirement regarding the defendant's misperception, as well as the requirement that the defendant regard the plaintiff as being substantially limited in her ability to work. Id. at *3.

4

The plaintiff argues that through the defendant's policy of not allowing employees to return with physical restrictions, the defendant effectively eluded the ADA. The argument is well taken, but misplaced in this case. The ADA is designed to ferret out those situations in which an employer is deliberately acting in a discriminatory manner, and those in which an employer is merely attempting to create a safe work environment. See 42 U.S.C. § 12113(a)-(b). By requiring that plaintiffs prove that they are disabled or regarded as disabled, that they are qualified (with or without accommodation) to do the job, and that they suffered discrimination, the ADA framework helps courts to discern which employment decisions are based on illicit motives and which are premised on maintaining the safety of the work force and their customers. Consequently, an employer is entitled to rely upon the medical opinions of doctors in determining whether an employee is physically capable of performing required functions. See Brunko v. Mercy Hosp., 260 F.3d 939, 942 (8th Cir. 2001) ("However, [the employer's] perception was not based on any myths or archaic attitudes about the disabled, but rather his perception was based on Brunko's own treating physician's recommendation that she could not work in certain positions which would require her to lift more than 40 pounds."); Serrano v. County of Arlington, 986 F. Supp. 992, 998 n.19 (E.D. Va. 1997). Here, there are no allegations of manipulation or undue reliance upon the doctor's restrictions by the defendant. Therefore, the court cannot assume that the relatively expansive policy was used for ill purposes.

In a recent case involving a "regarded as disabled" claim, the United States District Court for the Eastern District of Virginia dismissed the claim of the plaintiff in which he had "failed to allege that Earl Industries had misperceptions about plaintiff's medical condition, viewing it as more severe than it was." Quattlebaum v. Earl Indus., L.L.C., 2005 WL 2171456 at *6 (E.D. Va. 2005). The Court noted that "plaintiff's only support for this claim is that Earl Industries

5

discharged plaintiff due to his medical restrictions." Id. Much the same situation is presented here. The plaintiff's doctor placed limitations on her which precluded her from complying with MFA's policy. In Quattlebaum, the plaintiff's physician instructed him not to change job sites every three months, precluding him from conforming to the newly-altered responsibilities of tool room attendants. Id. at *1. There was no suggestion in Quattlebaum that the change in prerequisites was pretextual, likewise, there is no serious suggestion here that the policy of only restriction-free returns is rooted in anything other than an attempt to maintain the safety of the workplace.

Furthermore, when a doctor has placed restrictions on an employee, "the employee's belief or opinion that she can do the function is simply irrelevant. The ADA does not require an employer to permit an employee to perform a job function that the employee's physician has forbidden." Alexander v. Northland Inn, 321 F.3d 723, 727 (8th Cir. 2003). It is not clear that the restrictions placed upon the plaintiff would have impacted Webb's ability to perform the required functions of her job. However, it is immaterial whether the plaintiff was able to perform her specific job duties, because "the central inquiry must be whether the claimant is [perceived to be] unable to perform the variety of tasks central to most people's daily lives, not whether the claimant is [perceived to be] unable to perform the tasks associated with her specific job." Mack v. Great Dane Trailers, 308 F.3d 776, 781 (7th Cir. 2002). The plaintiff simply has not alleged that the defendant regarded her as unable to perform the daily activities of life, and therefore her claim must fail.

## Conclusion

Evaluating the amended complaint under the rubric of the "state of mind of the employer," the court finds that the plaintiff has not fulfilled her burden of pleading sufficient facts to show that the defendant regarded her as having a substantial limitation on a major life activity. See Ross v. Campbell Soup Co., 237 F.3d 701 (6th Cir. 2001). Although the question of the employer's motive is "rarely susceptible to resolution" on a pretrial motion, in this case, granting the motion to dismiss is appropriate because the plaintiff made no allegations that could fairly be construed as indicating that the defendant regarded her as disabled. On the contrary, the amended complaint states only that the blanket policy of restriction-free only returns was a determination that she was substantially limited in her ability to work in her position as a LPN charge nurse. It does not allege that the defendant regarded her as substantially limited in a major life activity, and the failure to make this allegation is fatal to the amended complaint. As a result, the amended complaint will be dismissed for failure to state a claim upon which relief can be granted.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

DATED: This 28th day of December, 2005.

/s/ Glen E. Conrad

United States District Judge